**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEON E. CAMPBELL, | No. 14-17189 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-02169-APG-PAL |
| v. | |
| NEVADA PROPERTY 1 LLC, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Leon E. Campbell appeals pro se from the district court's judgment in his

diversity action alleging breach of contract.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo the district court's decision to confirm an arbitration

award and deny a motion to vacate the award.  *Woods v. Saturn Distrib. Corp.*, 78

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 424, 427 (9th Cir. 1996).  We affirm.

The district court properly granted Nevada Property 1 LLC's motion to confirm the arbitration award, and properly denied Campbell's motion to vacate the arbitration award, because Campbell failed to show that the arbitrator exceeded the powers afforded by the terms of the arbitration agreement between the parties. *See* 9 U.S.C. § 10(a)(4); *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) ("Arbitrators exceed their powers . . . not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law." (alteration in original) (citation and internal quotation marks omitted)); *see also McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 733 (9th Cir. 1982) (finding an award based on an arbitrator's interpretation of a contract term drew its essence from the agreement where it "represent[ed] a plausible interpretation of the contract." (citations and internal quotation marks omitted)).

We do not consider any claims that Campbell did not raise before the district court.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2                                                                                            14-17189